UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN R. KANERVA,

       Plaintiff,

v.                                                     Case No. 18-C-358

WWW.PACER.USCOURTS.GOV,

       Defendant.

## SCREENING ORDER

Plaintiff John Kanerva filed this *pro se* civil rights lawsuit on March 7, 2018. Plaintiff also listed his father, Russell A. Kanerva, as a plaintiff in this action. However, Russell has not signed the complaint, and he has taken no other affirmative action demonstrating that he wishes to be a plaintiff in this action. Therefore, the court will not consider Russell a party to this case. This matter comes before the court to screen Plaintiff's complaint.

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 230 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Plaintiff asserts www.pacer.uscourts.gov is improperly collecting fees for his use of the Public Access to Court Electronic Records (PACER) website.  He claims he can no longer access his PACER account because he has not paid his fees.  Although Plaintiff alleges he is exempt from paying the usage fees, it does not appear that Plaintiff ever applied to be exempt from the electronic public access fees or that a court granted such a motion in any of his cases.  In any event, Plaintiff alleges the conduct of www.pacer.uscourts.gov violates the Freedom of Information Act, 5 U.S.C. § 552 *et seq*.

As an initial matter, www.pacer.uscourts.gov is not a suable entity, and Plaintiff's complaint could be dismissed on that basis alone.  But Plaintiff's complaint also fails to state a claim upon which relief can be granted.  Federal courts are authorized under the Freedom of Information Act "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).  Here, Plaintiff has not alleged that any of his court documents were withheld from them.  Although he may not be able to access his court documents through PACER, he is able to use the terminals in any federal courthouse to view court documents at no charge.  In short, Plaintiff has failed to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED**.

Dated this   9th   day of March, 2018.

                                              s/ William C. Griesbach  
                                              William C. Griesbach, Chief Judge  
                                              United States District Court